# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.: _____

KELLY MCGREW,

    Plaintiff,

v.

UBS FINANCIAL SERVICES, INC.,

    Defendant.

_____

## COMPLAINT AND JURY DEMAND
_____

Plaintiff Kelly McGrew ("Mr. McGrew"), by and through counsel, Lewis Kuhn Swan PC, submits his Complaint and Jury Demand ("Complaint") as follows:

## PARTIES

1.    Mr. McGrew is an individual who is domiciled in the State of Colorado.

2.    Defendant UBS Financial Services, Inc. ("UBS") is a New York corporation with its principal offices in New York, New York.

## JURISDICTION AND VENUE

3.    This Court has federal question jurisdiction under 28 U.S.C. § 1331 because this action is brought under the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 *et seq.* This Court has jurisdiction over the claim asserted under the Colorado Anti-Discrimination Act pursuant to 28 U.S.C. § 1367 because it is so related to the claims arising under federal law that it forms part of the same case or controversy.

4. This Court has personal jurisdiction over UBS because, among other things, this action arises out of events that occurred in the State of Colorado.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because the unlawful conduct complained of herein arose and occurred in the District of Colorado.

6. All applicable administrative remedies have been exhausted.

## GENERAL ALLEGATIONS

7. Mr. McGrew was a financial advisor with UBS in its Colorado Springs branch beginning in April 2009. His title at the time of his termination was Account Vice President. Mr. McGrew's job performance was always satisfactory. At the time of his termination, Mr. McGrew was the second most productive financial advisor in the Colorado Springs office with over $200 million in client assets under management.

8. In or about 2015, Chris Dimuria ("Mr. Dimuria") became Regional Manager in UBS's Denver office with oversight of the Colorado Springs branch. In or about March 2015, Scott Wilson ("Mr. Wilson") became the Branch Manager of the Colorado Springs branch.

9. After becoming Branch Manager, during group meetings and in one-on-one meetings, Mr. Wilson began telling older financial advisors in the Colorado Springs branch that they were too old and needed to retire. Mr. Wilson also told at least one customer of a Colorado Springs financial advisor that the customer should hire a younger UBS financial advisor.

10. At the time Mr. Wilson became Branch Manager, Mr. McGrew was 58 years of age.

11. UBS constructively terminated Mr. McGrew's employment on or about September 20, 2019, based on false and pretextual grounds. The false and pretextual grounds included an

accusation that he was "selling away," which means directing clients not to execute trades through UBS but instead to execute the trades through an outside broker in exchange for a kickback. This is a very serious accusation which could have resulted in the loss of Mr. McGrew's financial advisor license. Because UBS had recently terminated another older financial advisor, Fermin Padilla ("Mr. Padilla") for false and pretextual reasons and had reported false and defamatory statements about Mr. Padilla to the Financial Industry Regulatory Authority ("FINRA"), Mr. McGrew was rightfully concerned that UBS was engaged in a similar course of conduct toward him.

12. At the September 20, 2019 meeting, Messrs. DiMura and Wilson told Mr. McGrew that he was being immediately locked out of any access to client information and from the office, and required during the meeting, under the watch of Mr. Wilson, that he remove from my cell phone any access to the UBS email and contact management systems.

13. During the meeting, Mr. McGrew informed Mr. Wilson and Mr. Dimura that he believed their actions that day were motivated by age discrimination.

14. By the end of the meeting, Mr. McGrew concluded both that UBS intended to immediately terminate his employment and to falsely report to FINRA that he had been "selling away." As a result of his inevitable termination, he advised UBS the following Tuesday (his second day back in the office) that he would be leaving UBS effective immediately.

15. In retaliation for his accusation of age discrimination, UBS refused to pay Mr. McGrew for his final production credits, which exceeded $40,000.

16. On or about January 8, 2020, Mr. McGrew dual-filed charges of age discrimination and retaliation with the U.S. Equal Employment Opportunity Commission and the Colorado Civil

Rights Division based on the foregoing. On August 20, 2020, the Colorado Civil Rights Division issued a right to sue letter.

**FIRST CLAIM FOR RELIEF**
**Violation of the Age Discrimination in Employment Act of 1967**
*(29 U.S.C. § 621 et seq.)*

17. Mr. McGrew incorporates by reference all preceding paragraphs of this Complaint.

18. 29 U.S.C. § 623(a)(1) provides: "It shall be unlawful for an employer (1) to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age [or] (2) to limit, segregate, or classify his employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's age."

19. At all relevant times, UBS was an employer within the meaning of the ADEA.

20. At the time of his termination, Mr. McGrew was 62 years old and therefore within the group of persons protected under the ADEA and related law.

21. Mr. McGrew was competent and qualified for the position of financial advisor.

22. Mr. McGrew suffered an adverse employment action that was motivated, at least in part, by his age. Specifically, Mr. McGrew was constructively discharged.

23. A causal nexus can be established between Mr. McGrew's age and his discharge because:

   a. Mr. Wilson regularly told older financial advisors that they should retire, and on at least one occasion, told a UBS client that the client should hire a younger financial advisor;

4

    b. Mr. Wilson is significantly younger than Mr. McGrew;

    c. UBS has terminated (constructively or directly) or otherwise discriminated against many older financial advisors in the Colorado Springs office, consistent with Mr. Wilson's frequently articulated belief that older financial advisors should retire;

    d. UBS incentivizes individuals in Mr. Wilson's position to get rid of older financial advisors by allowing them to take over the departing advisor's client base or to obtain production credits for those clients;

    e. UBS incentivizes individuals in Mr. Wilson's position to develop a pretext for termination of older brokers because it makes it more difficult for the departing advisor to retain his client base.

24. UBS's discriminatory conduct actually and proximately caused losses and injuries to Mr. McGrew, including loss of income, in an amount to be proven at trial.

## SECOND CLAIM FOR RELIEF
### Retaliation Under the Age Discrimination in Employment Act
*(29 U.S.C. § 623(d))*

25. Mr. McGrew incorporates by reference all preceding paragraphs of this Complaint.

26. At all times relevant to this Complaint, UBS was an employer within the meaning of both Title VII and the ADEA.

27. 29 U.S.C. § 623(d) makes it an unlawful employment practice for an employer to discriminate against any of its employees because they have opposed any practice made unlawful by the ADEA.

28. Mr. McGrew was competent and qualified for the position of financial advisor.

29. Mr. McGrew engaged in a protected activity under 29 U.S.C. § 623(a)(1) when he

complained of age discrimination to his supervisors.

30. After engaging in the protected activity, Mr. McGrew suffered adverse employment action by, among other things, being deprived of payment for his production credits.

31. The retaliatory behavior by UBS was sufficiently professionally detrimental to "dissuad[e] a reasonable worker from making or supporting a charge of discrimination." *Burlington N. & Santa Fe Ry. v. White*, 543 U.S. 53, 68 (2006).

32. A causal connection between Mr. McGrew's protected activity and the adverse action can be inferred based on temporal proximity because UBS refused immediately after becoming aware of Mr. McGrew's claims of unlawful discrimination to pay Mr. McGrew for these production credits.

33. UBS's retaliatory conduct actually and proximately caused losses and injuries to Mr. McGrew, including loss of income, in an amount to be proven at trial.

### THIRD CLAIM FOR RELIEF
**Violation of the Colorado Anti-Discrimination Act**
*Colo. Rev. Stat. § 24-34-402*

34. Mr. McGrew incorporates by reference all preceding paragraphs of this Complaint.

35. Mr. McGrew is a protected person under Colo. Rev. Stat. § 24-34-402 because of his age.

36. In violation of CADA, UBS discriminated and retaliated against Mr. McGrew as set forth in the preceding paragraphs of this Complaint.

37. UBS's unlawful conduct in terminating and retaliating against Mr. McGrew actually and proximately caused losses and injuries to Mr. McGrew, including loss of income, in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Mr. McGrew prays for the following relief:

1. Judgment in his favor on his claims for relief;

2. Nominal, pecuniary, actual, and compensatory damages;

3. Costs and expenses of this action along with attorneys' and experts' fees;

4. Liquidated damages for all claims as allowed by law;

5. Pre- and post-judgment interest at the maximum rate permitted by applicable law;

6. A declaratory judgment that the conduct complained of herein is unlawful; and,

7. Any and all such other and further legal and equitable relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Mr. McGrew hereby demands a trial by jury on all issues so triable.

Respectfully submitted this 1st day of October, 2020.

    */s/ Paul F. Lewis*
Paul F. Lewis
Michael D. Kuhn
Andrew E. Swan
LEWIS | KUHN | SWAN PC
620 North Tejon Street, Suite 101
Colorado Springs, CO 80903
Telephone:  (719) 694-3000
Facsimile:  (866) 515-8628
Email:  plewis@lks.law
    mkuhn@lks.law
    aswan@lks.law

*Attorneys for Plaintiff*

Plaintiff's Address:
3620 Compass Point
Colorado Springs, Colorado 80906